## In re BULL'S ESTATE.

### (Surrogate's Court, Orange County. January 20, 1893.)

TESTAMENTARY TRUSTEES—LIABILITY FOR TESTATOR'S DEBTS.

> Where a testator directs his executors to hold stock owned by him in two banks in trust for a legatee, and one bank becomes insolvent and levies an assessment on its stock, its receiver may procure an order, on the acounting of such trustees, to compel them to sell such stock to pay his claim.

Proceedings for the judicial settlement of accounts of the trustees under the will of Henry Bull, deceased. The trustees, who were the executors of the will, were directed to hold 40 shares of the stock of the Quassaic Bank, and 5 shares of the stock of the Middletown Bank, for the benefit of testator's daughter Catherine Ann for life. An assessment having been made on the stock of the last-named bank, which failed after testator's death, the receiver seeks to compel the trustees to pay the assessment.

M. N. Kane, for trustees.
W. Vanamee, for receiver

COLEMAN, S. At the time of the judicial settlement of the accounts of the executors, in 1866, their duties, as such executors, with reference to the property then accounted for, ceased, excepting only the duty imposed upon them by the decree to apply the balance of the estate remaining in their hands in the manner therein directed, and when that was done they had no further connection with such property, as executors. They had previously advertised for creditors, and any creditor presenting a claim thereafter could recover nothing from them, unless subsequently other property should come into their hands, belonging to the estate. By the decree the executors were directed to retain certain bank stock upon a trust created by the will. Now, the fact that the trustees and the executors are the same persons does not place such a creditor of the estate in any better condition with reference to the trust fund than would have been the case if the executors had transferred the trust property over to other persons as trustees. Nor has such creditor any greater rights in this trust property, because it remains in char-

after the same as when held by the executors, than he would have had, had such property been converted into money, and the money paid to the trustee.

Some doubt may arise as to the correctness of the latter statement, because of the liability of the testator's estate, growing out of the fact that the stock still remains upon the books of the bank in the name of the testator. It must nevertheless be true, because no claim by reason of this liability was made by any one upon the executors before the title to the property had passed, by the decree, from them, as executors. A creditor may pursue property for the payment of his debt after it has passed from the executor, but that is not done by means of proceedings against executors. If the receiver can compel the payment of his claim in these proceedings, it must grow out of some other reason than that he is a general creditor of the testator. These accounting trustees received the capital stock of these two banks as so much property already invested, to be held upon the trust set forth in the will. If, instead of receiving bank stock, they had received cash, and had invested it in these bank stocks, and during their holding of them one of the banks had failed, the liability created by the ownership of the stock of the failing bank would have had to have been met by the trustees from funds derived from the sale of the other. Then there would have been no residuary estate to resort to. True, they might not legally invest trust moneys in such securities, but this difficulty could have been removed by the testator directing them so to invest by his will; and that, in effect, is what was done in this case. The testator took a short cut. Instead of directing the investment of a certain sum in stock of these banks, he directed his executors to hold certain stock in which he had already invested. Such being the case, the legatees interested under the will in the trust fund took such interest subject to all the necessary incidents resulting from the character of the property set apart by the testator for them; and among others was this very possibility of loss by assessment, as well as, on the other hand, the possibility of becoming more valuable during the continuance of the trust. I am therefore of the opinion that these trustees must sell the Highland Bank stock and from the proceeds pay the receiver's claim, and distribute the balance among those entitled under the will. By the will the use of this bank stock was given to the testator's daughter Catherine during her life, and at her death it was given to her "lawful heir or heirs; * * * and in case she leave no heir or heirs at law at her death, surviving her, then" such bank stock was given to certain of the testator's children. Catherine was never married, and left no lawful issue. In the mean time several of the testator's children, who were given a contingent interest in the bank stock, have died. The interest of such as have died lapsed with their death; they not having survived the event upon which their interest would become vested,—that is, the death of their sister Catherine leaving no issue. The balance of the fund will therefore be distributed among those surviving Catherine.